George Postel, J.
The plaintiffs are executors of the estate of Roberta Maecoun Lanari. She was a citizen of the United States. She was the second wife and widow of Aristide Lanari, a citizen of Italy. They resided together in France. Inter-pleaded defendant Maria Elena Meyer-Lanari is the issue of a prior marriage of Aristide, which terminated in an annulment.
In 1960, Mr. and Mrs. Lanari came to the United States, they had conferences at the defendant bank, and on or about November 18, 1960, executed agreements by which there was set up a joint custodial agreement with a right of survivorship. Aristide died on September 8, 1961; his daughter claimed the fund in the defendant bank’s custodial account on behalf of his *759 estate. Under the French law, the establishment of a joint account with right of survivorship is void and the attempted donee forfeits any estate rights to the assets purported to have been transferred.
The widow commenced this action against the bank, to be adjudged the owner of the account and have it turned over to her. After the commencement of the action, she died and her executors were substituted as parties plaintiff. The bank inter-pleaded the daughter and the ancillary administrator was added as an interpleaded defendant.
On or about March 14, 1962, the daughter had instituted an action in Nice, France, which, among other things, claimed that the assets in the custodial account here belonged to the estate. That court decided in favor of the daughter. The decision is being appealed. It is noted that in that proceeding the French law was applied.
The answer of the interpleaded defendants in the action pending in this court has set up complete and partial defenses, to the effect that pursuant to French or Italian law the estate is entitled to the fund and that the judgment of the French court is res judicata.
The plaintiffs move, pursuant to CPLE 3211 (subd. [b]), to strike those parts of the first affirmative complete and partial defenses, and of the second affirmative complete defense of the daughter’s answer which refer to and seek the application of foreign law on the ground that a defense is not stated. With regard to the ancillary administrator’s answer, the same relief is requested with respect to the second, third, fourth and fifth complete affirmative defenses and the first partial defense and, in addition, the defense with regard to the foreign judgment and its res judicata effect.
Finally, they seek to strike any similar references contained in the answer.
The plaintiffs assert that New York law governs in this matter; the interpleaded defendants claim French or Italian law should apply. The contention, the plaintiffs are urging, is that the court should, on this motion, decide that New York law applies and that, therefore, all allegations concerning foreign law should be dismissed.
“ Choosing the law to be applied to a contractual transaction with elements in different jurisdictions is a matter not free from difficulty” (Auten v. Auten, 308 N. Y. 155, 159). The Court of Appeals in Hutchison v. Ross (262 N. Y. 381, 394) stated: “If we hold that a non-resident settlor may also not establish a trust of personal property here which offends the public policy *760 of Ms domicile, we shaclde both the non-resident settlor and the resident trustee.” The court therein held that the laws of New York apply, not those of Quebec, to determine the validity of an inter vivos trust of personal property. The trust indenture was patently defective in that, under Quebec law, neither spouse may transfer to the other, directly or in trust, any substantial part of his or her property. It is noted that the property was situated in this State, and although there was no express declaration of intention to apply New York law, the parties must have intended such.
Although that case was concerned with a trust and we are concerned with a custodial account, the same conflicts of law approach should be taken (Wyatt v. Fulrath, 38 Misc 2d 1012, 1015). The public policy of this State with regard to trusts is indicated in section 12-a of the Personal Property Law, which provides in part: “ Whenever # * * a citizen or subject of a foreign country, wherever resident, creates a trust of personal property situated within this state at the time of the creation thereof * * * and declares in the instrument creating such trust that it shall be construed and regulated by the laws of this state, the validity and effect of such trust shall be determined by such laws. ’ ’
In the present case, both agreements in connection with tMs custodial account stated that New York law was to apply.
In the case of Auten v. Auten (supra), cited by both parties, the court indicated its intention to apply the “ significant contacts ” theory to contractual transactions. Applying such doctrine, it is shown that the agreements were drawn in the English language, executed, delivered and accepted in New York at an agency bank, the parties were present, the securities located here, and the parties expressed their intention that New York law should be applied.
Therefore, the court is of the opinion that New York law should be applied. Accordingly, the first affirmative complete and partial defenses and the second affirmative complete defense of the daughter’s answer are dismissed for insufficiency on the ground that they seek to apply French or Italian law in opposition to plaintiffs’ claim, when the law of this jurisdiction is the only applicable law. For the same reason, the second, third, fourth and fifth defenses of the ancillary administrator are dismissed. Because of this determination, it is unnecessary to consider the res judicata effect of the foreign judgment. With respect to the striking of any other allegations appearing in the answer with reference to the same matters, the motion is denied, as the court finds no authority for such procedure.